Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1390 | **DATE** | 10/30/2002 |
| **CASE TITLE** | LID ELECTRIC, INC. vs. LOCAL UNION NO. 134, INTERNATIONAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Local 134, International Brotherhood of Electrical Workers' motion to dismiss [3-1] is denied without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

LID ELECTRIC, INC.,

    Plaintiff,

vs.

LOCAL UNION NO. 134,
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, ELECTRICAL
JOINT ARBITRATION BOARD and
FRANK T. PETERS,

    Defendants.

Case No. 02 C 1390

Hon. Ronald Guzman

Magistrate Judge Nolan

## MEMORANDUM OPINION AND ORDER

Pending is Defendant, Local 134, International Brotherhood of Electrical Workers' motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below this motion is denied.

## BACKGROUND FACTS

Plaintiff LID Electric ("LID") has signed a collective bargaining agreement ("the agreement") with Local Union No. 134, International Brotherhood of Electrical Workers ("the Union"). At all times relevant to this complaint, the Union was the collective bargaining representative for Lid's journeyman, general foreman, foreman, and apprentice electricians. Defendant Electrical Joint Arbitration Board (the "EJAB") is an entity assigned authority and responsibility for resolution of grievance under the Principal Agreement, and Defendant Frank T. Peters is its Secretary who issued the

1

December 19, 2001 EJAB decisions at issue. In Article III of that agreement, the parties agreed to take all future disputes between each other to the Electrical Joint Arbitration Board ("EJAB") for binding arbitration. The EJAB consists of ten members, with five selected by each party.

On October 12, 2002 the EJAB heard a grievance against LID over whether it had complied with the Electrical Industry Drug-Free Alliance program, as required by the agreement. LID's alleged violation of the Principal Agreement was based upon its refusal to submit employees who are not represented by the Union, such as office staff, to drug tests under the Program; LID had not refused to submit its journeyman, general foreman, foreman and apprentice electricians represented by the Union to drug tests under the Program. The grievance which led to the decision (Exhibit 1 to LID's complaint) alleged that LID had violated Section 18.10 of the Collective Bargaining Agreement entered into with Local 134.

On December 13, 2001 the EJAB found LID had not complied with this program and therefore was in violation of the agreement between LID and the Union. The EJAB ordered that LID would lose its privileges within the Electrical Referral System on January 2, 2002 if it did not comply with the Drug-Free Alliance program by that date. The Electrical Referral System is the means by which employers, like LID, request job applicants from the Union. After receiving a request for applicants, the Union refers applicants whom it has approved and evaluated to the particular company. This is the only way, according to the conditions of the agreement, that LID can receive new job applicants. The Referral System appears to be supervised by a ten-member joint

2

arbitration board whose members are appointed half by the Electrical Contractors Association and half by the union. Though the date of January 2, 2002 passed, the Union did not ever deny LID's requests for applicants.

On February 26, 2002, LID brought suit against the Union, the EJAB, and Frank T. Peters seeking to overturn the decision of the EJAB, claiming that the EJAB had exceeded its authority under the terms of the agreement. The Union, claiming that LID's dispute lies with the EJAB, seeks to dismiss LID's case against it. The Union has filed a 12(b)(6) motion seeking to dismiss the action against it for failure to state a claim. LID responds that the Union should be joined because the lawsuit, if successful, would have an impact upon the agreement and, therefore, on the Union.

## DISCUSSION

Federal Rule of Civil Procedure 19(a) governs the joinder of parties:

Persons To Be Joined If Feasible:

A Person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair of impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a) (2002).

Determinations under Rule 19 must be made in practical context of each particular case, leaving to the discretion of the court how an action should best proceed

under the circumstances. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968).

The possible relationship between LID, the Union and the Referral System requires the denial of the Union's motion to dismiss. In general, the terms of the Principal Agreement grant the EJAB with the power to enforce this Agreement and to make and enforce working rules for the parties hereto which in its judgment, is advisable in order to cope with situations with which the parties may be confronted from time to time. In interpreting and enforcing this Agreement, the Electrical Joint Arbitration Board shall have such authority as in necessary to correct any violation of the Agreement and to ensure compliance with the terms of this Agreement, including but not limited to, liquidated damages as may be necessary and proper. (Principal Agreement ¶ 3.11).

The parties pleadings are unclear as to whether the Union initiated the grievance against LID or whether the EJAB did it on its own. The Union claims that the EJAB initiated the proceedings but who initiated the underlying complaint itself is unclear. A plain reading of the Principal Agreement appears to designate the EJAB as a hearing and enforcement board only and nowhere in the Principal Agreement does it appear that the EJAB has been granted the power to initiate the grievance. The fact that the complaint fails to seek separate relief specifically against Local 134 is not outcome determinative. If the Union was the underlying complaining party in the arbitration proceedings then it is logical that it would remain a party as LID attempts to vacate the decision of the EJAB.

Furthermore, not being a party to the suit would affect the Union's ability to protect its interest in the agreement and/or referral system (Rule 19(a)(2)(i)) or if other parties in the lawsuit would receive excessive obligations due to its absence (Rule 19(a)(2)(ii)), the Union should remain a party to this action. LID believes that since this action might have an effect on the agreement between it and the Union, the Union should remain a defendant, applying the prong of 19(a)(2)(i) to link the Union to the suit. We agree especially if the Union was in fact the party who filed the grievance.

In light of these concerns the Union's motion to dismiss is denied without prejudice. Discovery will reveal the extent of the Union's involvement in the grievance filed against LID.

## CONCLUSION

For the reasons set forth above the Union's motion to dismiss is denied without prejudice (#3-1).

So Ordered: 10/30/02

Entered: /s/ Ronald A. Guzman
Ronald A. Guzman
United States Judge

5